NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RYAN BRENEK,** | **Civil Action No. 24-6844 (ZNQ)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **WELLS FARGO BANK, N.A.,** | |
| **Defendant.** | |

**BONGIOVANNI, United States Magistrate Judge**

Currently pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo"), motion for a more definite statement pursuant to Federal Rule of Civil Procedure ("Rule") 12(e). (Docket Entry No. 4). Wells Fargo's motion proceeds before the Court unopposed. The Court has fully reviewed the arguments made in support of Wells Fargo's motion. The Court considers Wells Fargo's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Wells Fargo's motion for a more definite statement is **GRANTED**.

### I.     Background and Procedural History

On May 21, 2024, Plaintiff filed a breach of contract Complaint against Wells Fargo in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section. (Docket Entry No.1-1). Plaintiff's Complaint is a form Complaint. The entirety of Plaintiff's allegations follow:

> Wells Fargo is violating the fair credit Billing act and the fair debt collection practices Act. I have submitted two disputes with Wells Fargo and they refuse to help, they continue to collect interest and apply penalties when they know I am disputing the bill. They are

> also in violation by reporting me delinquent. Additionally they are
> continuing to harass me even though I have told them multiple times
> to stop contacting me for their numerous violations of both laws[.]
> [T]hey easily owe me over $5000. They refuse to investigate or
> follow the law.

(Pl. Compl. at 1).

Wells Fargo removed Plaintiff's case to this Court on June 7, 2024, noting that the Court

has subject matter jurisdiction under federal question jurisdiction pursuant 20 28 U.S.C. § 1331 in

light of Plaintiff's claims under the Fair Credit Billing Act (the "FCBA"), 15 U.S.C. §§ 1666, *et

seq.*, and the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (Docket

Entry No. 1). After obtaining an extension of time to respond to Plaintiff's Complaint (*see* Clerk's

Text Order of 6/11/2024), Wells Fargo filed the instant motion for a more definite statement on

6/28/2024. (Docket Entry No. 4).

Wells Fargo argues that its motion should be granted pursuant to Rule 12(e) because

"Plaintiff's complaint consists entirely of vague and conclusory allegations that fail to provide

sufficient detail to enable Wells Fargo to frame any response absent a more definite pleading."

(Mem. in Support at 3; Docket Entry No. 5). With respect to Plaintiff's claim under the FCBA,

Wells Fargo notes that Plaintiff's Complaint only states that he "'submitted two disputes with Wells

Fargo and they refuse to help.'" (Mem. in Support at 4 (quoting Pl. Compl. at 1)). It lacks "any

allegations that describe how he 'disputed' the debt, when he disputed the debt, why he disputed

the debt, where the disputes were sent, or the amount or charges that he disputed." (*Id*. at 4).

Further, Wells Fargo notes that Plaintiff also fails to "identify how the results of Wells Fargo's

investigation into his purported dispute were incorrect such that the charge(s) appeared erroneously

on his account." (*Id*.) Wells Fargo contends that "Plaintiff's claim under the FCBA is too vague

and ambiguous for Wells Fargo to form a response [,] and, therefore, "Plaintiff should be required to submit a more definite statement in support of his claim under the FCBA." (*Id*.)

Similarly, Wells Fargo notes that Plaintiff alleges a violation of the FDCPA because Wells Fargo "'continues to collect interest and apply penalties when I am disputing the bill. They also are in violation by reporting me delinquent. Additionally they are continuing to harass me even though I have told them multiple times to stop contacting me.'" (*Id*. at 5-6 (quoting Pl. Compl. at 1)). Wells Fargo further notes that the Complaint "does not indicate what debt Plaintiff contends Wells Faro is attempting to collect on, for whom Wells Fargo is attempting to collect that debt such that it could be considered a debt collector, or what collection practices Plaintiff believes were in violation of the FDCPA." (*Id*. at 5). In addition, Wells Fargo notes Plaintiff does not identify the practice or behavior that caused the alleged violations. (*Id*. at 6). As such, Wells Fargo argues that "Plaintiff's claim under the FDCPA is too vague and ambiguous for Wells Fargo to form a response[,] and, therefore, "Plaintiff should be required to submit a more definite statement in support of his claim under the FDCPA." (*Id*.)

Further, Plaintiff contends that it filed the instant motion for a more definite statement, rather than moving to dismiss Plaintiff's vague Complaint, because moving to dismiss could have resulted in Plaintiff attempting to amend, which could result in an equally vague Amended Complaint. In contrast, Wells Fargo maintains that Plaintiff should be directed to "file a more definite statement that attempts to articulate a cognizable claim." (*Id*. at 1).

## II.    Analysis

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response." Fed.R.Civ.P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id*.

"The prevailing standard employed by the Third Circuit is to grant a Rule 12(e) motion when the pleading is so vague or ambiguous that the opposing party cannot respond even with a simple denial, in good faith, without prejudice to itself." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F.Supp.2d 729, 736-37 (D.N.J. 2008) (citing *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232–33 (D.N.J. 2003) (citation omitted)). "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court." *Clark*, 213 F.R.D. at 232 (citations omitted). Further, "[w]hen a complaint does not provide a defendant notice of the facts underlying the plaintiff's claim(s), [such that] the defendant cannot adequately frame a proper response[,] [t]he 'Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying [the] plaintiff's claim for relief.'" *Nicholas v. CMRE Fin. Servs., Inc.*, Civil Action No. 08-4857 (JLL), 2009 WL 1652275, at *1 (D.N.J. June 11, 2009) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006)). The Court examines Wells Fargo's motion with this framework in mind.

As noted, above, Wells Fargo argues that Plaintiff's claims under both the FCBA and FDCPA are too vague and ambiguous for Wells Fargo to from a response. "The FCBA requires creditors to investigate and correct any charges erroneously billed to a consumer's account[,]" but only if, "within 60 days of the issuance of the statement containing those charges," the consumer provides the creditor with sufficient written notice of the alleged error "at the address specified by the creditor for the submission of billing disputes at the time the consumer opened the account." *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 451 (D.N.J. 2010) (citing 15 U.S.C. § 1666(a)). Further, the FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."15 U.S.C. § 1692(e). To state a claim under the FDCPA, a plaintiff must allege facts showing, "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

In determining whether to grant Wells Fargo's motion for a more definite statement, the Court is mindful that Rule 12(e) cannot require more than Rule 8. It is clear from the text of Rule 8 that a detailed factual pleading is not required. Instead, Plaintiff need only assert "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2).

As noted in *Nicholas*, "the Third Circuit Court of Appeals has clarified the level of detail required in an initial pleading[,]" *Nicholas*, 2009 WL 1652275, at *2. To satisfy Rule 8(a), "'a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))). The Supreme Court elaborated on *Twombly's* requirement that an initial pleading contain some factual content, finding that a Court must look at the facts actually pled by a party to determine if they meet the plausibility requirement imposed by *Twombly* and, again, noting that a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 557).

Here, Plaintiff's Complaint fails to satisfy the requirements of Rule 8(a). Simply put, as filed, Plaintiffs' Complaint does not contain enough factual matter to suggest the required elements of either his FCBA or FDCPA claims. Indeed, Plaintiff's Complaint is devoid of the factual enhancement needed to "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of his FCBA and FDCPA claims, which were outlined above. *Phillips v. Cnty. of Allegheny*, 515 F.3d at 234 (internal quotation marks and citation omitted). As such, the Complaint cannot meet the requirements of Rule 8(a)(2), *Iqbal*, and *Phillips*. Consequently, the Court grants Wells Fargo's motion for a more definite statement.

Nevertheless, the Court is mindful of the fact that the burden on Plaintiff to meet the notice pleading requirements outlined in Rule 8 is low. Plaintiff need not inject precision into his claims or plead with particularity to meet Rule 8(a)'s pleading standard. *Cf.* Rule 9(b). Instead, he simply must allege enough relevant facts to suggest the required elements of his FCBA and FDCPA claims to remove the vagueness and ambiguity that currently exists.

## III.    Conclusion

For the reasons set forth above, Wells Fargo's motion for a more definite statement is **GRANTED.** An appropriate Order follows.

Dated:  January 13, 2025

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
